UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| EDGAR ALCIDES GARCIA MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>JEH JOHNSON,<br>*In His Official Capacity as Secretary*,<br>LEON RODRIGUEZ,<br>*In His Official Capacity as Director*,<br>GREGORY COLLETT,<br>*In His Official Capacity as Field Office Director*, and<br>CONRAD ZARAGOZA,<br>*In His Official Capacity as District Director*,<br><br>    Defendants. | Civil Action No. TDC-16-0325 |

**MEMORANDUM ORDER**

On July 28, 2011, Plaintiff Edgar Alcides Garcia Martinez, a citizen of Guatemala, filed an Application to Register Permanent Residence or Adjust Status, also known as a Form I-485 application, with United States Citizenship and Immigration Service ("USCIS"). After more than four years, USCIS had yet to make a decision on Garcia Martinez's I-485 application to become a lawful permanent resident. On February 4, 2016, Garcia Martinez filed a Complaint seeking a writ of mandamus to compel Defendants Secretary of Homeland Security Jeh Johnson, USCIS Director Leon Rodriguez, USCIS Baltimore Field Office Director Gregory Collett, and USCIS Baltimore District Director Conrad Zaragoza to adjudicate his I-485 application.

On June 8, 2016, Defendants filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the action is moot because Garcia Martinez's application to

adjust status had been adjudicated. Defendants attached a copy of a lawful permanent resident identification card issued to Garcia Martinez on May 23, 2016.[1] Garcia Martinez has not submitted a response to the Motion. Any response was due by June 22, 2016. D. Md. Local R. 105.2(a).

Although Defendants' Motion is unopposed, the Court must still "review the motion[] to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014). Defendants contend that this case is moot. Article III of the Constitution limits the judicial power of the federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "When a case or controversy ceases to exist, the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015). A "case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (quoting *Knox v. Serv. Emps.*, 132 S. Ct. 2277, 2287 (2012)).

Here, Garcia-Martinez initiated this case to compel Defendants to adjudicate his I-485 application. They have done so. Garcia Martinez has received the relief sought in the Complaint. This case is therefore moot. *See Liu v. Schiltgen*, 120 F. App'x 65, 67 (9th Cir. 2005) ("Liu's claim of agency inaction is moot because the INS reached a final determination on his I-485 application while Liu's action was pending in district court and we can no longer grant effective relief."); *see also Gonzalez v. Zannotti*, 585 F. App'x 130, 130 (4th Cir. 2014) (affirming dismissal as moot of a petition for writ of mandamus to compel USCIS to adjudicate

---

[1] When considering a Rule 12(b)(1) motion, the court may "go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009).

an I-485 application when USCIS had already determined that it lacked jurisdiction to decide the application); *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289-90 (E.D. Va. 2010) (same).

Garcia Martinez's Complaint also sought attorney's fees and expenses related to this suit, presumably under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2012). To receive fees under EAJA, a litigant must be a "prevailing party." *Id.* § 2412(a), (b). Because Garcia Martinez has not received any court-ordered relief, he is not a prevailing party and not entitled to attorney's fees or other expenses. *See Goldstein v. Moaltz*, 445 F.3d 747, 751-52 (4th Cir. 2006) (holding that a plaintiff was not entitled to fees under EAJA when the district court had dismissed his claims as moot).

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss, ECF No. 9, is GRANTED, and Garcia Martinez's Complaint is DISMISSED AS MOOT. The Clerk is directed to close this case.

Date: August 1, 2016

THEODORE D. CHUANG
United States District Judge

3